IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTHONY CURTIS VILA,                )
                                    )
    Petitioner,                    )
                                    )
    v.                             )    CASE NO.: 2:17-CV-24-WKW
                                    )    [WO]
DERRICK CUNNINGHAM, *et al.*,       )
                                    )
    Respondent.                    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2241.[1] Petitioner, an inmate incarcerated at the Montgomery County Detention Facility, in Montgomery, Alabama, complains that he has been denied his right to a speedy trial on criminal charges pending against him in the Circuit Court for Montgomery County.[2] Doc. 11.

In an answer filed March 28, 2017, Respondents assert that Petitioner has failed to exhaust available state remedies regarding his speedy trial claim.[3] Although Petitioner filed a motion for speedy trial in the trial court,[4] he has not presented his speedy trial claim to the Alabama Court of

---

[1] In accordance with the prior proceedings and orders entered in the captioned action, this matter is before the court on the amended petition filed February 16, 2017. Doc. 11.

[2] This Recommendation addresses Petitioner's speedy trial challenge as it relates to charges pending against him in the Circuit Court for Montgomery County, Alabama. To the extent Petitioner seeks habeas relief regarding pending criminal offenses or judgments against him in other state courts, those challenges should be filed in separate habeas applications in the appropriate state court. *See generally* Rule 2(e), *Rules Governing Section 2254 Cases in the United States District Courts*.

[3] The records before the court reflect that a Montgomery County Grand Jury indicted Petitioner in March 2014 on charges of first degree theft of property (two counts), third degree theft of property (one count), and third degree burglary (four counts). Docs. 19–11 & 24. Petitioner was arrested on these charges in November 2016. Docs. 19–12 & 24. On December 5, 2016, the trial court set Petitioner's case for a status review on March 9, 2017, and scheduled a jury trial for March 13, 2017. Docs. 19–10, 19–14 & 19–15. At the time Respondents filed their answer, the charges against Petitioner remained pending.

[4] Respondents note that on December 12, 2016, Petitioner filed a "Motion for a Speedy Trial and Reasonable Bail." Doc. 19–13. The trial court scheduled a trial date for February 6, 2017, but subsequently rescheduled trial for March 13, 2017, on the State's motion. Docs. 19–10, 19–14 & 19–15. The trial court also reduced Petitioner's bond. Docs. 19–10 & 19–16.

Criminal Appeals or sought review in the Alabama Supreme Court. *See Ex parte Hamilton*, 970 So. 2d 285 (Ala. 2006) (granting certiorari relief on a petition for writ of habeas corpus based on speedy trial claim); Doc. 19 at 5–11.

In light of this argument, the court entered an order affording Petitioner an opportunity to show cause as to why this habeas petition should not be dismissed for his failure to exhaust available state remedies. Petitioner's response does not demonstrate that he has exhausted available state court remedies on the claims before the court.

## I. DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254—including exhaustion of state remedies—apply to" Petitioner because he challenges the validity of state court actions which resulted in his confinement and remain a potential basis for his confinement until resolution of the criminal charges pending against him in state court. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes, § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. For that reason, even though [Petitioner] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement" because the custody he seeks to challenge arises from the orders of a state court. *Id.* at 1302–03 (internal quotations and citations omitted).

This court may not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(1)(b)(1)(A). State remedies ordinarily are not considered to be exhausted if a petitioner may present his claims to the state courts by any available and adequate procedure. *Braden v. 30th*

*Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard v. Connor*, 404 U.S. 270, 277–78 (1971). To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

The evidentiary materials filed in this case, including the state court record, establish that Petitioner has not exhausted his available state court remedies with respect to his speedy trial claim. In addition, to the extent Petitioner seeks to present a federal defense to the charges lodged against him, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (internal citation omitted). The law is settled that, to circumvent the exhaustion requirement, a petitioner must demonstrate there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). Petitioner has not made this showing. As a result, this court declines to rule on the merits of Petitioner's speedy trial claim without requiring him to exhaust all available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

The instant circumstances mirror those presented in another recent case in this district, in which the court found that,

> under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts [all] available state [court] remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v.*

> *Harris,* 401 U.S. 37, 44–46 & 53–54 (1971); *see Braden,* 410 U.S. at 489; *Hughes v. Att'y Gen. of Fla.,* 377 F.3d 1258, 1263 (11th Cir. 2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. 1972). Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden,* 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id*.
>
> [Petitioner] has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger,* 401 U.S. at 53–54 (citing *Watson v. Buck,* 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Mt.,* 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, [as discussed above, the petitioner] fails to show that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of [the petitioner's] constitutional claims either before trial or, in the event [the petitioner] is convicted, through appellate and post-conviction proceedings.
>
> For the reasons noted above, this court concludes that [Petitioner] has not shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective and that would warrant federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized in this case. *See Braden,* 410 U.S. at 493. After exhausting available state remedies, [Petitioner] may pursue federal habeas proceedings.

*Robinson v. Hughes*, 2012 WL 255759, at *2-3 (M.D. Ala. Jan. 5, 2012), *adopted at* 2012 WL 253975 (Jan. 27, 2012).

Upon review of the pleadings and records, it is clear Petitioner has not exhausted his available state court remedies with respect to the claims presented in the petition for habeas corpus relief. Petitioner offers little more than his subjective belief that exhaustion of state remedies is

4

futile. *See, e.g.,* Doc. 28 at 3. Yet this unsupported assertion fails to establish that his state court remedies are unavailable or that they would be ineffective. As explained above, exceptions do exist to the exhaustion requirement. *Howard v. Davis*, 815 F.2d 1429, 1430 (11th Cir. 1987). However, Petitioner's conclusory allegations regarding the unavailability of state remedies to exhaust, the absence of a right in state court to an interlocutory appeal of the speedy trial issue, and a "longstanding pattern, practice and procedure" by the Alabama state courts to deny an individual's constitutional rights to a speedy trial, *see* Doc. 11, do not fit within the narrow exceptions to exhaustion. Ultimately, Petitioner has offered no reason to conclude that the Alabama state courts will not give his request serious consideration in due time.

In light of the foregoing, the court concludes that Petitioner must first exhaust his available state court remedies on his speedy trial claim prior to seeking habeas relief in this court.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The amended petition for habeas corpus relief (Doc. 11) be DENIED.

2. The amended petition be DISMISSED without prejudice to allow Petitioner an opportunity to exhaust available state court remedies with respect to the speedy trial claim pending before this court.

It is further ORDERED that **on or before June 5, 2017**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo*

5

determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 22nd day of May, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE