IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY CURTIS VILA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-24-WKW |
| | ) | [WO] |
| DERRICK CUNNINGHAM, | ) | |
| DARYL D. BAILEY, STEVE | ) | |
| WADLINGTON, STEPHEN | ) | |
| BILLY, LUTHER STRANGE, | ) | |
| GROVER SMITH, RANDY | ) | |
| BROCK, and STEVEN T. | ) | |
| MARSHALL, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Before the court is the Recommendation of the Magistrate Judge (Doc. # 29), to which Petitioner Anthony Curtis Vila has filed objections (Doc. # 30). The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

The thrust of Mr. Vila's objection is that he need not exhaust his state-court remedies because "this writ presents FEDERAL QUESTIONS regarding constitutional issues that can only be brought in FEDERAL COURT." (Doc. # 30 at 1 (capitalization in original).) Accordingly, Mr. Vila argues, "there is an absence

of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), and the exhaustion requirement does not bar his petition for habeas relief. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Mr. Vila's objection misunderstands the relationship between federal and state courts. "[S]tate courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) (citations omitted); *cf. Ex parte Royall*, 117 U.S. 241, 251 (1886) (explaining that state and federal courts are "equally bound to guard and protect rights secured by the constitution"). And while this system of concurrent jurisdiction admits of a couple of "narrowly defined" exceptions, *see Haywood v. Drown*, 556 U.S. 729, 735 (2009), neither exception applies to this case. Therefore, there is no "absence of available State corrective process," as Mr. Vila can seek review of his speedy-trial claim in the courts of the State of Alabama. 28 U.S.C. § 2254(b)(1)(B)(i). Unless and until Mr. Vila "invok[es] one complete round of the State's established appellate review process," his failure to exhaust state-court remedies will bar federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999).

Accordingly, it is ORDERED as follows:

1. Petitioner Anthony Curtis Vila's objection (Doc. # 30) is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 29) is ADOPTED;

3. The amended petition for habeas corpus relief (Doc. # 11) is DENIED; and

4. The amended petition for habeas corpus relief (Doc. # 11) is DISMISSED without prejudice to allow Petitioner an opportunity to exhaust available state-court remedies with respect to the speedy-trial claim pending before this court.

A final judgment will be entered separately.

DONE this 29th day of June, 2017.

                                     /s/ W. Keith Watkins
                             CHIEF UNITED STATES DISTRICT JUDGE